EDWARD J. DEFRANCO (SBN 2108561)
eddefranco@quinnemanuel.com
JAMES M. GLASS (SBN 2944353)
jimglass@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000;  Fax: (212) 849-7100

*Attorneys for Defendant Zeus Enterprise Ltd*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOUNCE EXCHANGE INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ZEUS ENTERPRISE LTD d/b/a YIELDIFY,<br><br>　　　　　Defendant. | CASE NO. 1:15-cv-03268-DLC<br><br>**ANSWER OF DEFENDANT ZEUS ENTERPRISE LTD TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hon. Denise L. Cote<br><br>JURY TRIAL REQUESTED |

Defendant ZEUS ENTERPRISE LTD d/b/a YIELDIFY ("Defendant") answers the First Amended Complaint ("Complaint") filed by Plaintiff Bounce Exchange Inc. ("Plaintiff") as follows:

<u>**NATURE OF ACTION**</u>

The paragraph numbers below correspond to and answer those in Plaintiff's First Amended Complaint.  For each paragraph, if an allegation is not explicitly admitted, it is denied.

1.      In response to Paragraph 1, whether Plaintiff is the author or exclusive owner of any particular software calls for legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.  Defendant further denies that computer source code that is embodied in behavioral marketing automation software is automatically known to be the copyright-protected property of that software's owner.  Many marketing tools use open source, which is not confidential and does not belong to the software's owner.  Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation on that basis.

2.      While it is true, and Defendant thus admits, that under 17 U.S.C. § 101, *et seq.*, and specifically 17 U.S.C. § 501, a party is liable for copyright infringement if it has violated any of the exclusive rights of a copyright owner, including the rights to reproduce, create derivative works from, and distribute copies of a work protected by a valid copyright, Defendant denies that it is such a party here.  In this case, counsel for Plaintiff sent a demand letter to Defendant on March 11, 2015 alleging copyright infringement of certain Bounce Exchange software, and identifying specific portions of source code that were allegedly similar.  In response, Defendant investigated Plaintiff's allegations and determined that they lack merit.  Nevertheless, in the interest of resolving this matter quickly and without needless litigation, Defendant voluntarily

removed the source code identified by Plaintiff and, in its place, implemented an open source solution.  Counsel for Defendant memorialized these findings in a letter to Plaintiff dated March 23, 2015, explaining why there was no infringement and alerting Plaintiff that the subject source code had been removed.  Despite these actions, however, Plaintiff raced to the courthouse to file the instant action without further correspondence to Defendant.  Accordingly, in response to Paragraph 2, Defendant denies said allegations.

## THE PARTIES

3.      In response to Paragraph 3, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies them.

4.      In response to Paragraph 4, Defendant admits that it is a United Kingdom corporation with its principal place of business in London, England and operates under the trade name Yieldify.  Defendant also admits that it has an office at 1412 Broadway, 22nd Floor, New York, New York, 10018.  Except as so admitted, Defendant denies the allegations in Paragraph 4.

## JURISDICTION & VENUE

5.      Paragraph 5 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its responses to Paragraphs 1 through 4 as though fully set forth herein.

6.      In response to Paragraph 6, Defendant admits that Plaintiff's Amended Complaint purports to be a copyright infringement action arising under 17 U.S.C. § 101 *et seq*.  The remaining allegations of Paragraph 6 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

7.      Paragraph 7 contains legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

8.      In response to Paragraph 8, Defendant admits that it maintains its only office in the United States at 1412 Broadway, 22nd Floor, New York, New York, 10018.  The remaining allegations of Paragraph 8 contain legal conclusions and/or opinions that are not subject to admissions or denial; to the extent a response is required, Defendant denies said allegations.

## FACTS

9.      In response to Paragraph 9, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies them.

10.      In response to Paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies them.

11.      In response to Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies them.

12.      In response to Paragraph 12, whether Plaintiff is the exclusive owner of any particular copyright calls for legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.  Defendant further denies that computer source code and other materials that are embodied in the Bounce Exchange Software are automatically known to be the copyright-protected property of Plaintiff.  Many marketing tools use open source, which is not confidential and does not belong to the software's owner.  Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation on that basis.

13.      In response to Paragraph 13, Defendant admits that the online records of the U.S. Copyright Office list Plaintiff as the named owner of U.S. Reg. Nos. TXu001930578,

TXu001930579 and TXuOO1931107.  Defendant further admits that these online records are

attached as Exhibit A to the Amended Complaint.  In addition, whether any particular software

constitutes a derivative work calls for legal conclusions and/or opinions that are not subject to

admission or denial; to the extent a response is required, Defendant denies said allegations.

Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations,

and therefore denies each and every such allegation on that basis.

## YIELDIFY DID NOT STEAL BOUNCE'S SOURCE CODE

14.     In response to Paragraph 14, Plaintiff claims that Defendant stole its proprietary

source code.  This is patently false.  The facts are as follows:  In March 2013, Mr. Jay Radia,

Defendant's Chief Executive Officer, and Mr. Meelan Radia, Defendant's Chief Technical

Officer, met with representatives of Plaintiff.  At that meeting, Plaintiff demonstrated certain

public-facing aspects of its behavioral marketing automation software.  Plaintiff did not reveal

any confidential information to Defendant, and did not show Defendant any of its source code,

either at this meeting or otherwise.  Defendant denies the remainder of the allegations in

Paragraph 14.

15.     In response to Paragraph 15, Defendant denies said allegations.

16.     In response to Paragraph 16, Defendant admits that, on March 11, 2015, counsel

for Plaintiff sent Defendant a letter alleging copyright infringement and demanding that

Defendant cease any alleged reproduction, adaptation, and distribution of certain source code

identified therein.  In response, via letter dated March 23, 2015, Defendant indicated that

Plaintiff's claims were baseless and that it did not infringe Plaintiff's copyright.  However,

because Defendant is a small company and in order to avoid needless litigation, Defendant

voluntarily removed the source code to which Plaintiff complained.  Nevertheless, without

further correspondence with Defendant, and without identifying any allegedly infringing source code, Plaintiff raced to the courthouse to file the instant action.  Defendant denies the remainder of the allegations in Paragraph 16.

17.    In response to Paragraph 17, Defendant admits said allegations.

18.    In response to Paragraph 18, Defendant denies said allegations.

### FIRST CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. 501

19.    Paragraph 19 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

20.    In response to Paragraph 20, Defendant denies said allegations.

21.    In response to Paragraph 21, Defendant admits that the online records of the U.S. Copyright Office list Plaintiff as the named owner of U.S. Reg. Nos. TXu001930578, TXu001930579 and TXuOO1931107.  Defendant further admits that these online records are attached as Exhibit A to the Amended Complaint.  Defendant denies the remainder of the allegations in Paragraph 21.

22.    In response to Paragraph 22, whether Plaintiff is the sole and exclusive owner of any particular software or copyright calls for legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.  Defendant further denies that computer source code and other materials that are embodied in the Bounce Exchange Software are automatically known to be the copyright-protected property of Plaintiff. Many marketing tools use open source, which is not confidential and does not belong to the software's owner.  Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation on that basis.

6

23.     In response to Paragraph 23, Defendant denies said allegations.

24.     In response to Paragraph 24, Defendant denies said allegations.

25.     In response to Paragraph 25, Defendant denies said allegations.

26.     In response to Paragraph 26, Defendant denies said allegations.

27.     In response to Paragraph 27, Defendant denies said allegations.

28.     In response to Paragraph 28, Defendant denies said allegations.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses in response to Plaintiff's Amended Complaint. By asserting these defenses, Defendant does not concede that it bears the burden of proof with respect to any of them.  All defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.  Defendant also reserves the right to assert additional defenses and/or counterclaims as additional facts are learned or present themselves during discovery or otherwise during the course of these proceedings.

## FIRST DEFENSE

### (Invalid Copyright)

Plaintiff's copyright claim is barred to the extent it seeks to enforce copyright registrations that contain misstatements or omissions that were material to the registrations and material to the purpose for which Plaintiff invokes the registrations in this action.

## SECOND DEFENSE

### (Lack of Originality)

Plaintiff's copyright claim is barred, in whole or in part, on the grounds that its copyrights are invalid for lack of originality pursuant to 17 U.S.C. § 102.

## THIRD DEFENSE

### (Functionality)

Plaintiff's copyright claim is barred, in whole or in part, because the allegedly protectable features and/or characteristics of its software are functional.

## FOURTH DEFENSE

### (Merger)

Plaintiff's copyright claim is barred, in whole or in part, by the merger doctrine.

## FIFTH DEFENSE

### (*Scènes à Faire*)

Plaintiff's copyright claim is barred, in whole or in part, by the *scènes à faire* doctrine.

## SIXTH DEFENSE

### (Fair Use)

Plaintiff's copyright claim is barred, in whole or in part, by the fair use doctrine pursuant to 17 U.S.C. § 107.

## SEVENTH DEFENSE

### (*De Minimis* Doctrine)

Plaintiff's copyright claim is barred, in whole or in part, by the *de minimis* doctrine.

## EIGHTH DEFENSE

### (Copyright Misuse)

Plaintiff's copyright claim is barred, in whole or in part, because of Plaintiff's copyright misuse.

## NINTH DEFENSE

### (Equitable Relief Unavailable)

Plaintiff is barred from obtaining any equitable relief from Defendant because any alleged injury to Plaintiff is neither immediate nor irreparable, Plaintiff has an adequate remedy at law, and granting equitable relief would not be in the public interest.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.      Plaintiff takes nothing by the Amended Complaint and the Amended Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded reasonable attorneys' fees subject to proof;

4.      That Defendant be awarded the costs of suit herein incurred; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Defendant demands a trial by jury for all claims so triable.


DATED:  July 10, 2015                              Respectfully submitted,


                                                  By:   */s/ James M. Glass*
                                                        James M. Glass

                                                        QUINN EMANUEL URQUHART &
                                                        SULLIVAN, LLP
                                                        51 Madison Avenue, 22nd Floor
                                                        New York, New York 10010
                                                        Tel: (212) 849-7000
                                                        Fax: (212) 849-7100

                                                        *Attorneys for Defendant Zeus Enterprise Ltd*

9

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 10, 2015, I caused the foregoing ANSWER OF DEFENDANT ZEUS ENTERPRISE LTD TO PLAINTIFF'S FIRST AMENDED COMPLAINT to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notification.

By:     <u>*/s/ James M. Glass*</u>
          James M. Glass

          QUINN EMANUEL URQUHART &
          SULLIVAN, LLP
          51 Madison Avenue, 22nd Floor
          New York, New York 10010
          Tel: (212) 849-7000
          Fax: (212) 849-7100