```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :     15cv3268 (DLC)
BOUNCE EXCHANGE, INC.,                   :
                                         :     MEMORANDUM
                        Plaintiff,       :     OPINION & ORDER
                                         :
            -v-                          :
                                         :
ZEUS ENTERPRISE LTD. d/b/a YIELDIFY,     :
                                         :
                        Defendant.       :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Bounce Exchange, Inc.:

Kristen McCallion
Michael F. Autuoro
FISH & RICHARDSON P.C.
601 Lexington Ave., 52nd Floor
New York, NY 10022

For defendant Zeus Enterprise Ltd. d/b/a Yieldify:

Edward J. DeFranco
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10001

DENISE COTE, District Judge:

On April 24, 2015, plaintiff filed this action asserting a single claim of copyright infringement, asserting that the defendant's software source code infringed the plaintiff's source code. On June 16, plaintiff filed its first amended complaint. That amendment altered the description of the defendant but did not add any other claims. Pursuant to a

motion of October 29, plaintiff now seeks permission to file a second amended complaint ("SAC").  That motion is granted, with conditions.

Before reviewing those conditions, a brief description of the procedural history of this action is warranted.  At an initial conference of July 17, the parties informed the Court that they were prepared to engage in settlement discussions.  In the event the case did not settle, the plaintiff explained that it anticipated taking roughly four depositions; the defendant anticipated needing roughly five depositions.

The Court set a schedule that permitted the parties to pursue settlement discussions, if necessary with the assistance of the Magistrate Judge, and to commence discovery in earnest on October 2, 2015, in the event no settlement had been reached by that date.  Accordingly, as memorialized in an Order of July 20, initial disclosures were due October 16, and the plaintiff's contention interrogatories addressed to the manner in which the defendant's code allegedly copied the plaintiff's code are due December 4.  Fact discovery will conclude on March 25, 2016.  Expert discovery closes May 27, 2016.[1]

It appears that the parties served initial disclosures on

---

[1] In their joint case management plain, the parties had proposed that fact and expert discovery close on April 22, 2016.

October 16, but have taken no other discovery.  The plaintiff has served no document demands or interrogatories, and has served no deposition notices.

Plaintiff obtained new counsel in August.  Incoming counsel filed a notice of substitution on August 17.

In its motion of October 29, plaintiff seeks to add eight causes of action.  The additional claims are for violation of the Digital Millennium Copyright Act ("DMCA") and for secondary liability under the Copyright Act, as well as infringement claims under the laws of four foreign countries.  The defendant opposes the amendment on the ground that there is no personal jurisdiction over the defendant, which is a British corporation, for the four foreign-law claims; that this is not a convenient forum for litigation of the foreign-law claims; that the additional claims under the DMCA and the Copyright Act are futile; and that the defendant would be prejudiced by this untimely amendment.

Personal jurisdiction must be adequately pleaded for each claim asserted.  See, e.g., Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004).  Defendant has not disputed that the Court has personal jurisdiction over it for any but the four foreign-law claims.  Its argument with respect to those claims fails.  Personal jurisdiction over these four claims depends

upon New York's long-arm statute and the Due Process Clause. See Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015).  The defendant does not contend that the assertion of personal jurisdiction would run afoul of the Due Process Clause. Jurisdiction under the long-arm statute, N.Y. CPLR § 302(a)(3)(ii), has five elements:

> First, that defendant committed a tortious act outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce.

LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 214 (2000); accord Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 106 (2d Cir. 2006).

The plaintiff alleges that the defendant contacted the plaintiff, whose offices are in New York, and requested a demonstration of and information about the plaintiff's software. The plaintiff provided the defendant with non-public information about its software, which the defendant wrongfully used in its international business to compete with the plaintiff's New-York-based business.  This is sufficient to show that the defendant should have reasonably expected its acts to have consequences in New York.  See, e.g., Troma Entm't, Inc. v. Centennial Pictures Inc., 729 F.3d 215, 218 (2d Cir. 2013).

Defendant's argument that the foreign-law claims in the amendment are futile on the ground of forum non conveniens is similarly unavailing.  In addressing a forum non conveniens argument, "[a] court must [first] consider whether an adequate alternative forum exists.  If so, it must balance two sets of factors": "public interest factors," like the administrative difficulties associated with court congestion and the local interest in having localized controversies decided at home, and "private interest factors" like ease of access to evidence and the cost of willing witnesses' attendance.  Iragorri v. United Techs. Corp., 274 F.3d 65, 73-74 (2d Cir. 2001).  Defendant proposes the courts of the United Kingdom, Ireland, Germany, and Australia as plausible alternative forums for the four foreign-law claims.  But, plaintiff is headquartered in New York and many of the witnesses Yieldify identified in its initial disclosures are in New York.  Hearing the four parallel foreign-law claims in four separate foreign jurisdictions would entail considerably more expense and difficulty than trying them with the plaintiff's five American-law claims here.  Accordingly, the defendant has not shown that the plaintiff's "chosen forum is . . . genuinely inconvenient and the alternate forum[s] [are] significantly preferable," Iragorri, 274 F.3d at 74-75 (citation omitted), and the plaintiff's choice of forum will not be

5

disturbed.  See Martinez v. Bloomberg LP, 740 F.3d 211, 218 (2d Cir. 2014) ("[T]he plaintiff's choice of forum should rarely be disturbed." (citation omitted)).

Defendant argues that the two secondary copyright liability claims are futile because they lack the requisite specificity. Claims of contributory copyright infringement require a showing that the defendant authorized the infringing use.  Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997).  The SAC alleges that the defendant actively and knowingly sells infringing software that is distributed through intermediaries to end users.  Claims of vicarious infringement require a showing that the defendant had a "right and ability to supervise that coalesced with an obvious and direct financial interest in the exploitation of copyrighted materials."  Id. (citation omitted).  Plaintiff alleges that the defendant is the owner of the allegedly infringing software, retains control over and supervises the use of that software after it is sold to intermediaries and distributed to end users, and that it profits directly from those sales.  Because these allegations adequately state claims for contributory infringement and vicarious infringement, respectively, defendant has not shown that are futile.  See IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383,

389 (2d Cir. 2015).  Defendant also argues that the two DMCA claims fail to satisfy statutory requirements to state a claim.  The Court reserves decision on this issue.

Under Rule 15, leave to amend is freely granted.  It may be denied, however, where there is "undue delay, bad faith, futility of amendment, [or] perhaps most important, [] resulting prejudice to the opposing party."  AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted).

The defendant has shown that this motion to amend may have been filed in bad faith and with dilatory motives.  The core of the plaintiff's lawsuit against defendant remains the claim contained in its initial pleading and it has taken no discovery to advance that claim.  As a result, the claims it seeks to add to this action have not been prompted by its review of any discovery materials.  Moreover, the defendant asserts that it will be bringing a motion to dismiss the copyright infringement claim on the grounds that the copyrights at issue are invalid and/or that the defendant has not engaged in infringing activity.  Should the defendant succeed in that motion practice, the plaintiff does not dispute that that decision would be dispositive of the claims it seeks to add through this proposed amendment.

The parties dispute the extent of prejudice that the defendant would suffer from the addition of eight claims to the lawsuit. While the defendant vaguely asserts that the additional discovery required would be "inevitably protracted" and "lengthy, expensive, and time consuming," the plaintiff contends that the defendant's fears are "vastly overblown." For its part, however, the plaintiff does not explain precisely what additional discovery it would need or address the effect of the amendment on the current schedule.

Accordingly, the amendment will be permitted on the condition that the plaintiff and defendant can litigate the claims in the SAC within the parameters set forth in the July 20 scheduling order. This assumes that the scope of any document demands and interrogatories that the plaintiff may serve in this action will be largely restricted to those that are tethered to the claim presented in its initial complaint, that it will take no more than approximately four depositions, and that it will move with sufficient diligence to complete fact discovery by March 25, 2016.

**CONCLUSION**

Plaintiff's October 29, 2015 motion to amend is granted, subject to the conditions described above. As noted, the Court reserves on the issue of futility with respect to the two DMCA claims. If, however, those claims survive, plaintiff must show why any discovery, beyond that already taken under the July 20 Order and pursuant to this Opinion and Order, would be necessary.

Dated:   New York, New York
         December 3, 2015

_____
DENISE COTE
United States District Judge